Matter of Rudy v Rudy (2018 NY Slip Op 08487)





Matter of Rudy v Rudy


2018 NY Slip Op 08487


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2018-03646
 (Docket No. F-2363-17/17A)

[*1]In the Matter of Brian O. Rudy, Jr., appellant,
v
Mary Ann Rudy, respondent.


Brian O. Rudy, Jr., Hamburg, New Jersey, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated March 5, 2018. The order denied the petitioner's objections to an order of the same court (Gladys E. Braxton, S.M.) dated January 8, 2018, which, after a hearing, dismissed his petition for a downward modification of his maintenance obligation.
ORDERED that the order dated March 5, 2018, is reversed, on the law and the facts, without costs or disbursements, the petitioner's objections are granted, the order dated January 8, 2018, is vacated, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for a new hearing on the petition and new determination thereafter.
The parties were divorced by judgment dated July 22, 2015. They had entered into a stipulation of settlement that was incorporated but not merged into the judgment of divorce. The stipulation provided that the petitioner was required to pay the respondent maintenance in the sum of $275 per week until June 30, 2021.
In June 2017, the petitioner commenced this proceeding pursuant to Family Court Act article 4 for a downward modification of his maintenance obligation. Following a hearing, the Support Magistrate dismissed the petition. Thereafter, in an order dated March 5, 2018, the Family Court denied the petitioner's objections to the Support Magistrate's order. The petitioner appeals.
The Family Court should have granted the petitioner's objections to the Support Magistrate's order. "In order to obtain modification, either downward or upward, of the maintenance aspect of a stipulation of settlement that has been incorporated but not merged into a divorce judgment, a party must show extreme hardship" resulting from the continued enforcement of the existing maintenance obligation (Matter of Brady v White, 158 AD3d 748, 751; see Domestic Relations Law § 236[B][9][b]; Khan v Ali, 132 AD3d 635). Here, the Support Magistrate found that the petitioner did not demonstrate that the continued enforcement of his maintenance obligation would result in extreme hardship. However, the hearing evidence does not support the Support Magistrate's finding as to the petitioner's income at the time of the hearing. Specifically, the Support Magistrate misconstrued the evidence of the petitioner's biweekly income as showing his weekly income. Further, the Support Magistrate did not afford the petitioner an opportunity to submit specific evidence showing that he had made diligent efforts to find employment that was commensurate with his qualifications. Under these circumstances, the matter must be remitted to the Family Court, Orange County, for a new hearing on the petition and a new determination [*2]thereafter (see Matter of Heintzman v Heintzman, 157 AD3d 682, 689-690).
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court